UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TOMCAT FILMS, LLC,

    Plaintiff,

v.   Case No.:

DOES 1— XXX

    Defendants.

## COMPLAINT

Plaintiff, by its attorneys, for its complaint against defendants, alleges:

### Jurisdiction and Venue

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2. Plaintiff, Tomcat Films, LLC ("Tomcat"), maintains its principal place of business at 10645 N. Tatum Boulevard, Suite 200-130, Phoenix, Arizona 85028.

3. This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501, 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (copyright).

4. Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. §1400(a). Although the true identity of each defendant is unknown to plaintiff at this time, on information and belief, each defendant may be found in this district and/or a substantial part of the acts of infringement complained of herein occurred in this district. On information and belief, personal jurisdiction in this district is proper because each defendant, without consent or permission of the plaintiff as exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which the plaintiff has exclusive rights. Such unlawful distribution

1

occurred in every jurisdiction in the United States, including this one.

## General Allegations

5. Tomcat is the owner of the copyright registration for the motion picture *"Aliens vs. Avatars"* ("Copyrighted Motion Picture," including derivative works). A copy of the registration certificate for the Copyrighted Motion Picture is attached as Exhibit A.

6. This case involves the transfer of the Copyrighted Motion Picture across so-called "Peer-to-Peer" or "P2P" networks via a "BitTorrent protocol" or "torrent." The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers across a P2P network. The initial file-provider intentionally elects to share a file with a torrent network. This initial file is called a seed. Other users ("peers") on the network connect to the seed file to download. As yet additional peers request the same file each additional user becomes a part of the network from where the file can be downloaded. However, unlike a traditional peer-to-peer network, each new file downloader is receiving a different piece of the data from each user who has already downloaded the file that together comprises the whole. This piecemeal system with multiple pieces of data coming from peer members is usually referred to as a "swarm." The effect of this technology makes every downloader also an uploader of the illegally transferred file(s). This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file.

7. This distributed nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases. Because of the nature of a BitTorrent protocol, any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads

a file. Essentially, because of the nature of the swarm downloads as described above, every infringer is *simultaneously* stealing copyrighted material from many ISPs in numerous jurisdictions around the country.

8. Plaintiff brings this action to stop defendants from copying and distributing to others over the Internet unauthorized copies of the Copyrighted Motion Picture. Defendants' infringements allow them and others unlawfully to obtain and distribute for free unauthorized copyrighted works that plaintiff spends millions of dollars to create and/or distribute. Each time a defendant unlawfully distributes a free copy of the Copyrighted Motion Picture to others over the Internet, each person who copies that motion picture can then distribute that unlawful copy to others without any significant degradation in sound and picture quality. Thus, a defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

9. The true names of defendants are unknown to plaintiff at this time. Each defendant is known to the plaintiff only by the Internet Protocol ("IP") address assigned to that defendant by his or her Internet Service Provider on the date and at the time at which the infringing activity of each defendant was observed. Plaintiff believes that information obtained in discovery will lead to the identification of each defendant's true name and permit plaintiff to amend this Complaint to state the same. Plaintiff further believes that additional information obtained will lead to the identification of additional infringing parties, as monitoring of online infringement of plaintiff's motion picture is ongoing.

## COUNT I: COPYRIGHT INFRINGEMENT

10. Plaintiff realleges and incorporates as if fully set foth herein the allegations in paragraphs 1-9.

11. Plaintiff is informed and believes that each defendant, without the permission or consent of plaintiff, has used, and continues to use, an online media distribution system to reproduce and distribute to the public, including by making available for distribution to others, the Copyrighted Motion Picture. Plaintiff has identified each defendant by the IP address assigned to that defendant by his or her ISP on the date and at the time at which the infringing activity of each defendant was observed. In doing so, each defendant has violated plaintiff's exclusive rights of reproduction and distribution. Each defendant's actions constitute infringement of plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*). On information and belief, each defendant participated in a swarm and/or reproduced and/or distributed the same seed file of the Copyrighted Motion Picture in digital form with each other.

12. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of plaintiff.

13. As a result of each defendant's infringement of plaintiff's exclusive rights under copyright, plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

14. The conduct of each defendant is causing and, unless enjoined and restrained by this Court, will continue to cause plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, plaintiff is entitled to injunctive relief prohibiting each defendant from further infringing plaintiff's copyright and ordering that each defendant destroy all copies of the Copyrighted Motion Picture made in violation of plaintiff's copyright.

**WHEREFORE,** plaintiff prays for judgment against each defendant as follows:

1. For entry of permanent injunctions providing that each defendant shall be enjoined from directly or indirectly infringing plaintiff's rights in the Copyrighted Motion Picture and any

motion picture, whether now in existence or later created, that is owned or controlled by the plaintiff ("the Plaintiff's Motion Pictures"), including without limitation by using the Internet to reproduce or copy the Plaintiff's Motion Pictures, to distribute the Plaintiff's Motion Pictures, or to make the Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of plaintiff. Each defendant also shall destroy all copies of the Plaintiff's Motion Pictures that defendant has downloaded onto any computer hard drive or server without plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in each defendant's possession, custody, or control.

2. For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of plaintiff.

3. For plaintiff's costs.

4. For plaintiff's reasonable attorneys' fees.

5. For such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

AUSLEY & McMULLEN, P.A.

By_____
Martin B. Sipple
Fla. Bar No. 0135399
123 South Calhoun Street
P.O. Box 391 (zip 32302)
Tallahassee, FL 32301
(850) 224-9115 – telephone
(850) 222-7560 – facsimile

Attorneys for Plaintiff

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**PA 1-784-622**

**Effective date of registration:**

January 3, 2012

---

## Title

**Title of Work:** Aliens vs. Avatars

## Completion/Publication

**Year of Completion:** 2010

**Date of 1st Publication:** July 15, 2010      **Nation of 1st Publication:** United States

## Author

- **Author:** TomCat Films LLC
  **Author Created:** entire motion picture, production/producer, direction/director, script/screenplay, cinematography/cinematographer, editing/editor
  **Work made for hire:** Yes
  **Citizen of:** United States      **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** TomCat Films LLC
10645 N. Tatum Blvd., Ste. 200-130, Phoenix, AZ, 85028

## Rights and Permissions

**Organization Name:** TomCat Films LLC
**Name:** Ted Chalmers
**Email:** info@tomcatfilmsllc.com      **Telephone:** 424-256-3770
**Address:** 10645 N. Tatum Blvd., Ste. 200-130
Phoenix, AZ 85028 United States

## Certification

**Name:** Ted Chalmers
**Date:** December 1, 2011

---

**Correspondence:** Yes

EXHIBIT A

Page 1 of 1